**E. C. HAY AND SONS, INC., a Washington Corporation, Appellant,**

v.

**R. E. BURROWS, Wilfred Thorn, and S. P. Dixon, Review Committee of United States Department of Agriculture, Appellees.**

No. 17858.

United States Court of Appeals
Ninth Circuit.

March 28, 1963.

D. L. McMannis, Pullman, Wash., for appellant.

Frank R. Freeman, U. S. Atty., Patrick H. Shelledy and Carroll D. Gray, Asst. U. S. Attys., Spokane, Wash., C. C. Carlson, Regional Attorney and E. Kendall Clarke, Attorney, U. S. Department of Agriculture, Washington, D. C., for appellee.

Before ORR, MERRILL and DUNIWAY, Circuit Judges.

ORR, Circuit Judge.

The issue presented by this appeal is whether the trial court was correct in affirming the determination of a Review Committee appointed by the Secretary of Agriculture that 465.2 acres of Austrian winter peas and volunteer wheat constituted excess wheat acreage for the crop year 1959.

In October 1958, appellant, a Washington corporation operating farm properties in Whitman County, Washington, seeded 465.2 acres of Austrian winter peas on acreage from which wheat had been harvested during the harvest season of 1958. During the growing season of 1959, volunteer wheat from shattered and unharvested heads from the 1958 wheat crop grew in the seeded Austrian pea field.

From information furnished by the appellant, the Whitman County Agricultural Stabilization and Conservation (ASC) Committee first determined that

the appellant had 218 acres of excess wheat for the crop year 1959 on a farm with a wheat allotment for that year of 549.8 acres. As a result of an actual examination of the farm in question, the ASC Committee determined that the actual excess acreage of wheat was 683.2. The increase of excess wheat acreage was due to the classification of the above mentioned 465.2 acres of seeded Austrian peas and volunteer wheat as wheat acreage.

On appeal, the Review Committee upheld the finding that the 465.2 acres in question were wheat acreage. This acreage produced a crop of 170,720 pounds of wheat and 178,540 pounds of peas and contained approximately six bushels of wheat per acre.

Appellant contends that the ASC Committee had no authority, under existing laws and regulations, to determine that the 465.2 acres in question were excess wheat acreage because no applicable regulations exist; and further contends that if applicable regulations did exist, no adequate standards were provided for making such determination. Appellant also urges that the determination made in this case was arbitrary and capricious.

It is our conclusion that 7 C.F.R. § 728.851(v), issued pursuant to 7 U.S.C. § 1375, is applicable and provides appropriate standards for determining whether a field of seeded Austrian winter peas and volunteer wheat is wheat acreage. According to 7 C.F.R. § 728.851(v), wheat acreage "means any acreage planted to wheat, and any acreage of volunteer wheat which reaches maturity, excluding any acreage (1) of a wheat mixture in wheat-mixture counties, or of a mixture of other grains and wheat in non-wheat-mixture counties which does not contain enough wheat to cause the grain to be graded as 'mixed grain' under the Official Grain Standards of the United States (Part 26 of this title); * * *."[1]

Adequate standards are provided in the regulation for determining wheat

acreage since wheat acreage is defined to mean "any acreage of volunteer wheat which reaches maturity" with certain exceptions. If none of the exceptions appear in a given situation, then the ASC Committee must classify acreage as wheat acreage so long as there is *any* acreage planted to wheat or *any* acreage of volunteer wheat which reaches maturity.

It is undisputed that the field in question produced volunteer wheat which reached maturity. But if either of the two exclusions quoted above applies, then the general definition is inapplicable. The first exclusion, wheat mixture in wheat-mixture counties, is not applicable because the field in question is not located in a wheat-mixture county as defined in 7 C.F.R. § 728.851(z).

The second exclusion, a mixture of other grains and wheat in non-wheat-mixture counties, is also not applicable because Austrian winter peas are not grain. This exclusion refers to grain graded as "mixed grain" under the Official Grain Standards of the United States. Grain is defined under the Official Grain Standards as "any grain for which standards shall have been fixed and established under the act * * *." 7 C.F.R. § 26.2(d). As no standards have been set in the act for Austrian winter peas, such peas are not grain under the statute.

Since neither of the exclusions is applicable, the field of Austrian winter peas and volunteer wheat, in this case, constitutes wheat acreage because of the amount of wheat which reached maturity. The field in question not only produced volunteer wheat which reached maturity, but appellant actually harvested six bushels of wheat per acre from this field. The ASC Committee's classification of a field which produced almost equal amounts of wheat and peas as wheat acreage was neither arbitrary nor capricious.

Affirmed.

---

1. The other exclusions are clearly inapplicable in the instant case.